IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIS LAMBERT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ADA FORD-LINCOLN-MERCURY, et al., )<br>)<br>Defendants. ) | Case No. CIV-13-255-RAW |

**ORDER**

Before the court are various motions. Plaintiff commenced this action by filing a petition on May 10, 2012 in the District Court for Coal County, State of Oklahoma. Plaintiff filed an amended petition on May 10, 2013. Defendants Ada Ford and Ken Davis were served on May 25, 2013 and May 28, 2013, respectively. Those defendants filed a notice of removal in this court on June 13, 2013. The notice of removal represents that defendant On Time Events, LLC consented to the notice of removal and that defendants Greg Hanson and U.S. Bank had not yet been served.

Defendants Ada Ford and Davis then filed a special appearance and motion to dismiss (#6) in this court, asserting that plaintiff had not obtained service in state court within 180 days. A similar motion was filed in state court prior to removal. A similar motion was also filed in this court (#9) by defendant On Time Events, LLC. On July 8, 2013, this court entered a minute order directing plaintiff to respond to the two pending motions to dismiss no later than July 15, 2013. Yet another motion to dismiss, based both on insufficient service and on the merits, has been filed by defendant U.S. Bank, N.A. (#16).

On July 15, 2013, plaintiff filed a motion to remand and a motion to stay. In the motion to remand, plaintiff asserts that it is not appropriate for a defendant to assert in state court that dismissal is called for and then remove a case to federal court. This court disagrees. In general, "the removing defendant [does] not waive its right of removal by filing a motion to dismiss the plaintiff's complaint while the case was still pending in state court." *Cogdell v. Wyeth,* 366 F.3d 1245, 1249 (11th Cir.2004). As to the type of case before this court, the point is implicitly acknowledged by the Tenth Circuit's statement that "federal courts in removed cases look to the law of the forum state . . . to determine whether service of process was perfected prior to removal." *Wallace v. Microsoft Corp.,* 596 F.3d 703, 706 (10th Cir.2010). The motion to remand is denied.

The plaintiff's motion to stay requests that the court stay action on defendants' motions to dismiss until the court rules on the motion to remand. Inasmuch as the court already directed plaintiff to respond to the motions to dismiss, the motion to stay is also denied and the court will proceed to the motions to dismiss.

In a similar case, the district court in *Brown v. K-Mac Enterprises,* 897 F.Supp.2d 1098 (N.D.Okla.2012), was faced with a motion to dismiss after removal. The court cited 12 O.S. §2004(I), which states that service must be made upon a defendant within 180 days or that defendant <u>shall</u> be deemed dismissed without prejudice, absent a showing of good cause. The court noted that "[t]he language of §2004(I), as amended in 2009, is mandatory

rather than permissive." *Id.* at 1107.[*]  The court concluded: "[b]ecause Plaintiff did not effect service upon K-MAC until January 17, 2012 – fifteen days after the deadline – service upon K-MAC was untimely." *Id.* (footnote omitted).  Plaintiff has not made a showing of good cause and dismissal is appropriate.  *See Wallace,* 596 F.3d at 707 n.2.

It is the order of the court that the motions of the plaintiff to remand (#18) and to stay (#19) are denied.  The motions to dismiss of Ada Ford and Ken Davis (#6), On Time Events, LLC (#9) and U.S. Bank (#16) are granted.  No service has been obtained upon defendant Greg Hanson and therefore he shall be dismissed as well.

This action is dismissed without prejudice.

**ORDERED THIS 19th DAY OF AUGUST, 2013.**


**Dated this 19th day of August, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[*]This renders *Brown* distinguishable from *Hornstein v. Brunswick Corp.,* 2009 WL 3927954 (W.D.Okla.2009), where the court ruled that because the language of the Oklahoma statute (at the time) was permissive, 28 U.S.C. §1448 permitted additional time for plaintiff to perfect service.